Argued March 13, reversed and remanded April 23, 1929.

## FRED BRENNE, A MINOR, *v.* S. F. HECOX.

(277 Pac. 99.)

For appellant there was a brief over the names of *Mr. J. G. Arnold* and *Messrs. Jaureguy & Tooze,* with an oral argument by *Mr. Arnold.*

For respondent there was a brief over the name of *Messrs. Ganoe & Ganoe,* with an oral argument by *Mr. J. H. Ganoe.*

BROWN, J.—■ The first assignment of error relates to the right of the defendant to have an inspection and physical examination of the body of the plaintiff. His showing to the court reads:

"State of Oregon,
"County of Multnomah,—ss.

"I, J. G. Arnold, being first duly sworn, depose and say:

"That I am attorney for the above named defendant; that said cause has been set down for hearing in the above entitled court on May 14, 1928; that plaintiff alleges that he is severely and permanently injured in the above entitled action, and that said plaintiff refuses to submit himself to any doctor or doctors for examination at the request and on behalf of the defendant; that it is necessary that the defendant have an examination made of the plaintiff in order to prepare his defense and properly try said cause; that this affiant requests that the court appoint some reputable physician to make an examination herein, and that the result of said examination must be submitted to the defendant in order that he may be able to prepare his defense herein.

"(Sgd.)    J. G. ARNOLD.

"Subscribed and sworn to before me, this 14th day of May, 1928.

"LAMAR TOOZE,
"Notary Public for Oregon."

Assuming, without deciding, that, in the absence of statutory authority, the trial court possessed the inherent power to compel the plaintiff herein to submit, in advance of trial, to a physical examination by defendant's physicians, or by physicians appointed by the court, there was no error in the court's denial of the defendant's application. A motion to compel a plaintiff to submit to such an examination is ad-

dressed to the sound discretion of the court. See valuable note, 23 L. R. A. (N. S.) 465.

The second assignment involves the meaning of the Oregon Motor Vehicle Law as amended by Chapter 323, General Laws of Oregon 1925, which provides, with reference to headlights at night:

"5(f) Bicycles. Every bicycle operated upon the public highways and streets of this state shall have a front lamp capable of furnishing sufficient illumination to render clearly discernible any substantial object forty feet directly ahead of such bicycle, and shall carry a red light to the rear, or in lieu of a red light, the bicycle may use a red reflex mirror in the rear."

The theory of the defendant is that immediately preceding the accident the plaintiff was riding his bicycle along the north side of Stark Street after dark, without having any light thereon, and the defendant, being unable to see the bicycle, collided with it. As bearing on this phase of the case, the court instructed the jury:

"I have already told you what the duty of the automobile driver is. As to lights there isn't any claim against Mr. Hecox on the light question, but Mr. Hecox does claim back against young Brenne on the ground that he didn't have his light lighted at a time when a reasonably prudent person would have had them lighted * * . As a proposition of law, Brenne didn't have to have any light on his bicycle. It is simply a question of whether you think a reasonably prudent person would have had one there under the circumstances. There is no requirement of law that he should have one."

The defendant then attempted to secure a modification of this instruction. The court declined to

modify the instruction, and further charged the jury, in part, as follows:

"Now, the statute is peculiar. The statute does require that the bicycle shall have the equipment, but it nowhere requires that the equipment shall ever be lighted. The statute does require that the bicycle shall carry a certain light which shall be capable of throwing a light a certain distance, but it nowhere requires at any time that light shall be lighted. It does require on the automobiles the light shall be lighted at certain times of day, the hours are fixed, but there is no requirement, in my judgment, as to the bicycle. * * That there is no light required on the bicycle is the law of this case."

The defendant reserved an exception to the foregoing instructions.

Whether the accident occurred in the daytime or at night is a question. There is much testimony in the record tending to show that it took place before darkness had fallen. However, there is some testimony in support of the defendant's contention that it happened during the darkness of night. Now, in the application of the statute in question, the learned trial judge has held that the law requires the equipment for a "light," but that it does not require that the lamp be lighted. We then ask: What did the legislature mean by the term "lamp"?

"The word 'lamp' considered with reference to the general idea conveyed, is as definite as any word in the language. * * Its meaning must depend largely on the context, and on the time, place, and habits of the people with reference to which it is used." 5 Words & Phrases, p. 3975.

It is true that the statutory provision quoted above does not, in express language, fix the time when the

front lamp on every bicycle operated on the highways shall be lighted; nor does it, in fact, provide that such lamp shall be lighted at all. But that statute does, in plain and direct terms, prescribe that every bicycle be equipped with a front lamp "capable of furnishing sufficient illumination to render clearly discernible any substantial object forty feet directly ahead of such bicycle." There is much discussion in the briefs about construction and interpretation of statutes. But a careful reading of this statute will convey its own exposition. We assume that the legislature, in and by this enactment, intended to pass a sensible law, one capable of being understood and enforced, and not an absurdity. For a forceful discussion of this question, see the case of *State* v. *Gates,* 104 Or. 112 (206 Pac. 863).

Because of the erroneous instruction hereinbefore set out, this case is reversed and remanded.

REVERSED AND REMANDED.

BEAN, BELT and ROSSMAN, JJ., concur.